IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED FOOD & COMMERCIAL WORKERS, LOCAL 1995, | ) ) |
| Plaintiff, | ) NO. 3:20-cv-00948 ) |
| v. | ) JUDGE RICHARDSON ) ) |
| THE KROGER COMPANY and KROGER LIMITED PARTNERSHIP I, | ) ) ) |
| Defendants. | ) ) |

## **MEMORANDUM OPINION**

Pending before the Court in this action is "Plaintiff's Motion to Dismiss Defendant The Kroger Company Without Prejudice" (Doc. No. 42, "Motion.").

This is an action in which the plaintiff seeks a very specific and limited remedy. Specifically, Plaintiff ("the Union") brought this suit seeking to compel both Defendants to resolve in arbitration an issue concerning the application of a particular Collective Bargaining Agreement ("CBA").[1] (Doc. No. 1). Within approximately 70 days of filing this action, the Union filed a Rule 12(c) motion for judgment on the pleadings seeking a judgment affording it such relief. (Doc. No. 19). On September 30, 2021, the Court granted the Union's motion with respect to one Defendant but not the other; in particular, it ordered Defendant Kroger Limited Partnership I ("KLPI") to arbitrate the applicable issue, but held that it could not, at least at that juncture, likewise order Defendant The Kroger Company to arbitrate, because it was not clear based solely on the pleadings that The Kroger Company was even a party to the CBA (Doc. Nos. 32 and 33). Anticipating

---

[1] This situation is to be contrasted with the situation where a plaintiff files an action seeking damages and, in response, the defendant asks the court to compel the plaintiff to submit the claim to arbitration.

disagreement between the parties as to how this entire case should proceed in light of the Court's finding that final judgment should be granted against one Defendant but not (at least at that time) the other Defendant, the Court wrote in its Order:

> Before entering judgment against KLPI, the Court seeks the parties' input as to how this case should proceed in light of this split resolution. Thus, by October 15, 2021, the parties shall file a joint notice (or, if necessary in light of an inability to agree, separate respective notices) as to whether KLPI should be ordered to arbitration without The Kroger Company, or whether a determination in this lawsuit of whether The Kroger Company is a party to the CBA (and thus should be sent to arbitration along with KLPI) should be resolved before KLPI is sent to arbitration.

(Doc. No. 33 at 1-2). In response to this dictate, after obtaining a short extension of the October 15 deadline, the parties (helpfully) filed a timely Joint Notice (Doc. No. 37). As to Plaintiff's position on the question(s) raised by the Court, the Joint Notice advised, in pertinent part:

> Plaintiff United Food & Commercial Workers, Local 1995 intends to move this Court for an order severing its claims against Defendant The Kroger Company and dismissing such claims without prejudice, in accordance with Rule 21 of the Federal Rules of Civil Procedure (or any other applicable Rules). Once such an order is issued, then Plaintiff will move for entry of judgment against Defendant Kroger Limited Partnership I ("KLP I"). If this Court is not inclined to issue an order dismissing Defendant The Kroger Company without prejudice, and will only entertain an order dismissing such claims with prejudice, then Plaintiff intends to take appropriate discovery to support a motion for summary judgment of its claims against Defendant The Kroger Company.

(*Id.* at 1). And the Joint Notice stated Defendants' position on such question(s), in pertinent part, as follows:

> The Court should resolve The Kroger Co.'s obligation to arbitrate before ordering KLP I to arbitrate, unless Plaintiff dismisses The Kroger Co. with prejudice. This would require a case management order setting deadlines for discovery, depositions, motions, and trial on the issue of whether The Kroger Co. is signatory to the bargaining agreement and obligated, along with KLP I, to arbitrate the grievance.

(*Id.* at 2).

As foretold in the Joint Notice, on November 18, 2021, Plaintiff moved (via the Motion) for dismissal of The Kroger Company without prejudice, pursuant to Federal Rule of Civil Procedure 21. Plaintiff was sufficiently clear that its request for dismissal was entirely dependent on the dismissal being without prejudice, and the Court therefore has construed the Motion (as it believes it is properly authorized to do) as one seeking either dismissal without prejudice, or no dismissal at all—which is to say that (given the Court's view of the Motion as all-or-nothing in that sense) to grant the Motion means to dismiss The Kroger Company without prejudice, and to deny the Motion means not to dismiss The Kroger Company at all.

Defendants, not surprisingly or inappropriately, have declined to suggest the alternative of dismissal *with* prejudice. Like Plaintiff, and now the Court, Defendants view the decision for the Court as whether to order that The Kroger Company be dismissed without prejudice or not be dismissed at all.[2]

The Court pauses to address the significance of this decision. The significance turns on the precise nature of the distinction between a dismissal "with prejudice" and a dismissal "without prejudice," a distinction that judges and lawyers tend (in the undersigned's view) to assume they fully grasp but rarely actually fully articulate. The Court will take care to articulate that distinction here, so that it is clear that the Court understands precisely the stakes here.

> . . . Rule 41. . . in discussing the effect of voluntary dismissal by the plaintiff, makes clear that an "adjudication upon the merits" is the opposite of a "dismissal without prejudice":
>
>> "Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court of the United States or of any state an action based on or including the same claim."

---

[2] To the extent that Rule 21 would allow the Court "on its own" to dismiss The Kroger Company *with prejudice* based on the view that it would be "just" to do so, Fed. R. Civ. P. 21, the Court declines to consider exercising such discretion to do so.

> *See also* 18 Wright & Miller § 4435, at 329, n. 4 ("Both parts of Rule 41 ... use the phrase 'without prejudice' as a contrast to adjudication on the merits"); 9 *id.,* § 2373, at 396, n. 4 (" '[W]ith prejudice' is an acceptable form of shorthand for 'an adjudication upon the merits' "). *See also Goddard* [v. Security Title Ins. & Guarantee Co.*,* 14 Cal.2d, 47, 54, 92 P.2d, 804, 808 (1939) (stating that a dismissal "with prejudice" evinces "[t]he intention of the court to make [the dismissal] on the merits"). The primary meaning of "dismissal without prejudice," we think, is dismissal without barring the plaintiff from returning later, to the same court, with the same underlying claim. That will also ordinarily (though not always) have the consequence of not barring the claim from *other* courts, but its primary meaning relates to the dismissing court itself. Thus, Black's Law Dictionary (7th ed.1999) defines "dismissed without prejudice" as "removed from the court's docket in such a way that the plaintiff may refile the same suit on the same claim," *id.,* at 482, 92 P.2d 804, and defines "dismissal without prejudice" as "[a] dismissal that does not bar the plaintiff from refiling the lawsuit within the applicable limitations period," *ibid.*

*Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 505–06 (2001).

*Semtek* was referring to dismissal pursuant to Rule 41, rather than Rule 21, of the Federal Rules of Civil Procedure. However, the Court perceives no reason why it should construe (or why the parties would have understood) the concepts of "with prejudice" and "without prejudice" any differently in the context of Rule 21. Indeed, *Semtek* merely expresses what the Court perceives to be the widely understood—if not always actually articulated—meaning of these two terms. *See Arangure v. Whitaker*, 911 F.3d 333, 347 (6th Cir. 2018) ("[A] judgment dismissing a case 'without prejudice' is not truly 'final.' Generally speaking, a dismissal 'without prejudice' means 'a dismissal without barring the plaintiff from returning later, to the same court, with the same underlying claim.' (quoting *Semtek*, 531 U.S at 505)); *see also* Restatement (Second) of Judgments § 20(1)(b). Such a judgment does not permanently foreclose a litigant from trying again, so it is not sufficiently 'final' to be given res judicata effect." *Id*. (brackets and one set of internal quotation marks omitted)).

The upshot is that in the context of Rule 21 (like Rule 41), "[d]ismissals without prejudice generally are not judgments on the merits for claim preclusion purposes." *Wheeler v. Dayton Police Dep't*, 807 F.3d 764, 767 (6th Cir. 2015). By contrast, "dismissals with prejudice generally are judgments on the merits that bar plaintiffs from refiling their claims in the court that dismissed them." *Id.* at 766. Or to put it only slightly differently, generally a "[d]ismissal without prejudice is a dismissal that does not operat[e] as an adjudication upon the merits, and thus does not have a res judicata effect," *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 396 (1990) (internal quotation marks and citation omitted), the way a dismissal with prejudice (like any adjudication deemed "on the merits") generally does.[3] This all likely comes as no surprise to the parties but is worth specifically articulating.

As noted above, the option of dismissal with prejudice is not even on the table here, and the Court herein has described the option of dismissal with prejudice only to place in context Plaintiff's contrasting requested relief of dismissal without prejudice. The question is whether to dismiss The Kroger Company without prejudice or not dismiss it at all.

Rule 21 authorizes the Court to drop a party to an action "on just terms." Fed. R. Civ. P. 21. The applicable "term" here is that the dismissal of The Kroger Company would be without prejudice, and so the question is whether dismissal without prejudice would be "just." As the above discussion makes clear, if there is a dismissal without prejudice, Plaintiff would generally (subject to any applicable statute of limitations) be able to file suit again against The Kroger Company, at least in this Court. So the question devolves to whether this possibility is just.

---

[3] On the other hand, the Court in *Semtek* noted a more recent (as of the time of that decision) trend for courts to recognize that not every adjudication deemed "on the merits" would necessarily be afforded claim-preclusive effect.

Guidance for answering that question is provided by *Grover by Grover v. Eli Lilly & Co.*, 33 F.3d 716, 718 (6th Cir. 1994). There the court addressed how a court should decide whether to grant a plaintiff's request for dismissal without prejudice of an entire action under Rule 41(a)(2); the guidance, however, plainly appears applicable to a request to dismiss a party (as opposed to an entire action) without prejudice under Rule 21.[4] In *Grover*, the Sixth Circuit noted that "[t]he primary purpose of . . . the requirement of court approval [for the plaintiff's requested dismissal without prejudice] is to protect the nonmovant from unfair treatment." 33 F.3d at 718. And, not surprisingly, the court essentially equated "unfair treatment" with "plain legal prejudice" *Id.* The existence of plain legal prejudice is key to the non-movant's position; without it, a court's denial of the movant's request for dismissal without prejudice under Rule 41(a)(2) generally would not be an abuse of discretion. *Id.*[5] And the court noted that in considering whether a dismissal without prejudice would result in plain legal prejudice to the nonmovant,[6] "a court should consider such factors as the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need

---

[4] This is true in part due to the similarity of the language of the two rules. Rule 21 allows for the dropping of a party "on just terms," while Rule 41(a)(2) allows dismissal of an entire action upon such "terms that the court considers proper." Just as the question under Rule 41(a)(2) is whether dismissal of the entire action without prejudice would be "proper," the very similar question under Rule 21 is whether the dropping of the applicable party would be "just." Moreover, in *Grover* the Sixth Circuit noted that "[t]he primary purpose of the rule [41(a)(2)] in interposing the requirement of court approval is to protect the nonmovant from unfair treatment." 33 F.3d at 718.

[5] The Court does not draw from this a binding rule that a dismissal without prejudice under Rule 21 generally cannot be an abuse of discretion absent plain legal prejudice to the non-movant. But what it can and does draw is the principle that the Court has wide discretion, under Rule 21 as under Rule 41(a)(2), to grant dismissal without prejudice absent plain legal prejudice to the non-movant. And the Court is inclined to exercise such discretion to grant a Rule 21 motion without plain legal prejudice because the Court believes that absent such prejudice, a plaintiff should not be forced to persist at a particular time with its claim(s) against a particular defendant if it has ceased to desire to pursue such claim(s) in the pending action due to changed circumstances.

[6] Here, there are two non-movants, one being the Defendant (The Kroger Company) that would be dismissed without prejudice, and the other the Defendant that remains in the case (and is currently facing the prospect of entry of final judgment against it based on the Court's decision on Plaintiff's motion for judgment on the pleadings). The Court understands that the question is whether plain legal prejudice would be suffered by *either* Defendant. But Defendants do not really assert any prejudice to KLPI separate from the alleged prejudice to The Kroger Company.

to take a dismissal, and whether a motion for summary judgment has been filed by the defendant." *Id.*

As Plaintiff notes in its reply in support of the Motion, (Doc. No. 46 at 1-2), Defendants do not address these factors when assessing whether they would suffer plain legal prejudice. Instead, Defendants merely downplay the importance of these factors and assert plain legal prejudice on the grounds that: (i) The Kroger Company "should know whether it needs to participate with [KLPI] in an arbitration," and a dismissal without prejudice would prevent it from knowing that; and (ii) a dismissal without prejudice "would create the possibility of a later second arbitration on the same issue and the possibility of inconsistent results." (Doc. No. 45 at 2). But there are three problems with Defendants' position.

First, Defendants cite no authority for the proposition that these alleged grounds reflect plain legal prejudice. Second, as to the first ground, it amounts to a complaint that The Kroger Company needs to know whether Plaintiff would prevail on Plaintiff's current claim against it (since, after all, Plaintiff's claim against The Kroger Company is precisely that The Kroger Company should participate in the arbitration). But the Court blindly cannot accept that "plain legal prejudice" can be based on a purported need to know whether the plaintiff would prevail on its claim(s) were it forced (contrary to its wishes) to persist in its claim(s) against a non-movant in the pending action; if it could be so based, then "plain legal error" could be found every time a defendant claims that it needs to stay in the lawsuit (together with its co-defendant(s)) to "know" whether the plaintiff would prevail against it were it to persist in the claim against that defendant. And Defendants' terse argument does not give the Court any reason to accept this argument. Finally, as to Defendants' second asserted ground of "plain legal prejudice," it is based on the possibility that there would in fact be a second arbitration (*i.e.*, a second arbitration involving The

Kroger Company), but there would be a second arbitration involving The Kroger Company only if Plaintiff filed another lawsuit seeking to compel The Kroger Company into arbitration *and* Plaintiff succeeded in that second lawsuit. These potentialities are merely speculative; indeed, The Kroger Company's own position is that Plaintiff's success in a refiled lawsuit is extremely speculative.[7] (Doc. No. 25 at 5-6) ("KLP1 and its Nashville Division is the legal entity which is the party to the labor agreement with Plaintiff UFCW 1995, and is a subsidiary of The Kroger Co. The Kroger Co. has denied that it is party to the labor contract with UFCW Local 1995, and will demonstrate that it is not during discovery, and if necessary, trial.").

Defendants also argue that "the delay involved in leaving open the possibility of a second arbitration and inconsistent results is contrary to the federal labor policy which favors of prompt resolution of labor disputes." (Doc. No. 45 at 4 (citing *DelCostello v. Teamsters*, 462 U.S. 151, 168-169 (1983))). Defendants' statement of federal policy here is accurate, but it does not address or implicate *plain legal prejudice* to The Kroger Company; if a particular dismissal without prejudice would run counter to this policy, that does not mean that it would inflict plain legal prejudice upon the party dismissed. And in any event, dismissal of The Kroger Company without prejudice in fact does not necessarily run counter to the federal policy favoring prompt resolution of labor disputes. As Plaintiff aptly notes, it

> is seeking to resolve this matter promptly by proceeding to arbitration at this time, but it cannot do so unless the Court enters final judgment requiring KLPI to proceed to arbitration. The Union, therefore, is seeking the dismissal of The Kroger Company without prejudice, rather than more than a year of additional litigation.

---

[7] In fairness to Defendants, their second asserted ground of plain legal prejudice is not based on "the *mere* prospect of a second lawsuit", which *Grover* made clear does not establish plain legal prejudice. 33 F.3d at 718 (emphasis added). After all, Defendants rely not just on the prospect of a second lawsuit, but rather on what would happen if The Kroger Company *lost* that lawsuit (and thus had to go to a second arbitration). On the other hand, this principle from *Grover* indirectly supports the notion that the Court, in assessing any asserted grounds of plain legal prejudice based in part on the prospect of a second lawsuit, should keep in mind that the second lawsuit is not certain, but merely prospective.

(Doc. No. 46 at 2). In other words, granting the Motion would result in this matter going promptly to arbitration (against KLPI), or to an appeal to the Sixth Circuit by KLPI, whereas a denial would not. So granting the Motion would speed up the resolution of Plaintiff's dispute with KLPI. It also would speed up the resolution of Plaintiff's dispute with The Kroger Company, unless Plaintiff were later to refile its claim against The Kroger Company in a second lawsuit; but again, it is mere speculation at this point that Plaintiff would do so.

Finally, the Court turns to the *Grover* factors, which the Court perceives as its primary guide in this Rule 21 context, as in the Rule 41(a)(2) context, as to whether dismissal without prejudice would result in plain legal prejudice to Defendants. Plaintiff writes:

> The *Grover* factors support the Union's request to dismiss The Kroger Company without prejudice. To date, the defendants have answered the complaints and responded to the Motion for Judgment on the Pleadings, and the defendants have not undertaken significant "effort and expense of preparation for trial." The Union has efficiently prosecuted this action by promptly filing its Motion for Judgment on the Pleadings and by now seeking to dismiss The Kroger Company before the parties have begun engaging in discovery. The Union, therefore, has not engaged in "excessive delay and lack of diligence . . . in prosecuting the action." The Union has amply explained its reason for seeking The Kroger Company's dismissal, and neither defendant has filed a motion for summary judgment.

(Doc. No. 43 at 3-4) (citations omitted). The Court agrees; the *Grover* factors indicate a lack of plain legal prejudice.

The Court concludes by noting that it does not deny that, at least under certain circumstances, it would have the discretion to deny the Motion even if it did not find plain legal prejudice. But to the extent that it would have such discretion in this case, it would decline to exercise it to deny the Motion. Defendants argue only that the Motion should be denied based on the asserted lack of plain legal prejudice, without arguing alternatively that the Court should deny the Motion even if it finds a lack of plain legal prejudice. And in any event, absent plain legal prejudice, the Court is strongly inclined to grant a plaintiff's motion to drop a party under Rule 21.

After all, a plaintiff is "the master of its own complaint," *Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.,* 535 U.S. 826, 831 (2002), and this principle counsels in favor of allowing a plaintiff to effectively amend its own complaint by dropping a party unless so doing would plainly prejudice one or more defendants.

## CONCLUSION

The Court does not begrudge Defendants' preference for having The Kroger Company remain in this action at this time rather than being dismissed without prejudice. But as indicated herein, the Court is inclined to indulge Plaintiff's change in preference, based on changed procedural circumstances, for how to prosecute (or not prosecute) what are, after all, Plaintiff's own claims. That is to say, if Plaintiff wishes to drop (dismiss) one of the Defendants under Rule 21 under the term (condition) that the dismissal be "without prejudice"—*i.e.*, with the presumptive prerogative to file another action against that Defendant in this Court—the Court will assent thereto absent plain legal prejudice to Defendants. Such a result is indeed "just" and thus appropriate under Rule 21. Here, because the Court cannot find plain legal prejudice, that means that the Motion should be and will be granted.

An appropriate order will be entered.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE